18411—Corneal J. McWilliams v. Dennis T. Hackett. For order to to certify; Hamilton county. Overruled.
Docketed Feb. 23, 1924. 2 Abs. 163.

18412—The P. W. Drackett & Sons Co. v. Ora Smith. Motion for an order to certify; Hamilton county. Overruled.
Docketed Feb. 26, 1924. 2 Abs. 179.

18414—Jake Barsky v. City of Ashtabula. Motion for an order to certify; Ashtabula county. Overruled.
Docketed Feb. 29, 1924. 2 Abs. 179.

18415—Sarah A. Craig et al v. George Welply et al. Motion for an order to certify; Hamilton county. Overruled.
Docketed Feb. 29, 1924. 2 Abs. 174.

18416—Ford Realty Co. v. Harvard Heights Realty Co. Motion for an order to certify; Cuyahoga county. Overruled.

18505—Edward Bernard, Admr., v. Emma Zumpt. Motion for an order to certify; Hamilton county. Dismissed on application of plaintiff in error.

## SYLLABI OF CASES DECIDED LAST WEEK

### No. 301

No. 18185—The State, ex rel John M. Hoel, v. Edward Goubeaux, Auditor. In Mandamus.

**114. ATTORNEY AND CLIENT—County auditor not justified in refusing to issue voucher for attorney services to county commissioners which has been duly allowed by them.**

WANAMAKER, J.

Where an attorney at law has been duly employed by a board of county commissioners, pursuant to Sections 2412 and 2413, General Code, and pursuant to such, employment has rendered a bill for the value of such services, with incidental expenses, and such bill is duly considered, allowed and endorsed by the board of county commissioners, the county auditor is not justified in refusing to issue a voucher for the amount of such bill, but must issue his voucher pursuant to Section 2570, General Code.

Writ allowed.

Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

### No. 302

No. 18314—The State, ex rel C. C. Crabbe, Attorney General, v. The Massillon Saving and Loan Company.

In Quo Warranto.

**185. BUILDING AND LOAN ASSNS.— Are subject to state regulation and control, and they cannot enter into contract reaching into the future touching sale of stock or memberships so as to deprive state from control of such sales.**

JONES, J.

1. Building and loan associations are subject to state regulation and control, not only under Section 2, Article XIII of the State Constitution, but also by virtue of the state's inherent police powers.

2. The provisions of Sections 9645 and 9649, General Code (110 OL. 67-68), controlling the sale of stock and memberships in such associa-

tions, apply to associations existing at the time such act became effective.

3. While the state may not impair a completed contractual obligation, a building and loan company cannot so enter into contracts, reaching into the future, touching the sale of its stock and memberships, as to deprive the state, in the proper exercise of its police power, from controlling such sales in the future.

Writ allowed.

Marshall, C. J., Robinson, Matthias and Allen, JJ., concur. Wanamaker, J., not participating.

### No. 303

No. 18280—Walter K. Richards v. The State of Ohio.

Error to the Court of Appeals of Hancock County.

**1135. SUNDAY LAWS—Motion picture show on Sunday is a violation of law. 12049 GC., it being regarded as a theatrical performance.**

MARSHALL, C. J.

1. A motion picture show exhibited in a building for the entertainment of the public is a theatrical performance and such exhibition on Sunday is therefore a violation of Section 12049, General Code.

2. Section 13049, General Code (1032a, R. S.) was originally enacted April 9, 1881, at which time motion picture shows were not in existence, but such shows constitute a new species of theatrical performance as described in the original enactment of that section and the operation of a motion picture show on Sunday is clearly within the mischief intended to be prevented by that section and therefore that section includes motion picture shows by inference. (State v. Cleveland, 83 Ohio St., 61, approved and followed.)

Judgment affirmed.

Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

### No. 304

No. 18135—William Bayless et al v. Chambers Baird, Receiver, etc.

**185. BUILDING AND LOAN ASSNS.— Members sharing its earnings must alike bear its losses—Borrower not entitled to have credited on his loan dues theretofore paid to his unmatured running stock.**

Error to the Court of Appeals of Adams County.

MATTHIAS, J.

1. The members of a building and loan association, whether borrowers or non-borrowers, have a mutual interest in its affairs; sharing alike its earnings, they must alike bear its losses.

2. A borrowing member of a building and loan association occupies a two-fold relation. As a debtor he must repay his loan with stipulated interest; as a stockholder he may participate in the earnings and must contributed to losses sustained.

# CURRENT OHIO COURT of APPEALS CASES

## Weekly Advance Abstract Opinions

3. In an action by a receiver of an insolvent building and loan association to foreclose a mortgage on real estate given by a borrower who is a member and the ownwer of unmatured running stock therein pledged as collateral security for said loan, said borrower is not entitled to have credited on his loan the dues theretofore paid on his unmatured running stock.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Day and Allen, JJ., concur. Wanamaker, J., not participating.